CARR, J.
When I see that a public officer has, by virtue of his office, received money for which he has failed to account, I never feel disposed to lend a favorable ear to the efforts made to screen him from justice: yet, in such cases, we are obliged to see that the proceedings are regular, and the law duly administered. In performing this duty, it is my opinion, that we must reverse these judgments.
For the purpose of duly applying a part of the income of the literary funa to the primary object of the institution, the statutes directed, that the courts of the several counties should appoint a board of school commissioners; that this board should annually appoint one of its members treasurer, who should give bond with surety, in the penalty of 2000 dollars, conditioned for the faithful application of and accounting for all moneys which should come to his hands by virtue of his office. To him the president and directors of the literary fund were directed to pay, annually, the portion of the 45,000 dollars, to which his county should be entitled; which money he was required to pay to the order of the school commissioners, or such of them as the board should authorize to draw upon him; and to pay over any balance, that should be in his hands at- the expiration of his office, to his successor. And the statutes provide, that his bonds may be put in suit, in the name of the president and directors, for their benefit, or for the benefit and at the costs of any person who may sustain injury by a breach of the condition. This is one remedy given on the bond, and, I presume, covers the whole ground; for whether the *39 treasurer refuse to account annually, as he is required to do, or to pay over the balance in his hands to his successor, or to pay to any person such sum as he may have an order for from the commissioners, he violates the condition of his *bond, and is liable to this action. But the legislature, not satisfied with this tedious remedy, provided further, that if the treasurer shall, at any time, when duly required, fail to pay any money received by virtue of his office, the school commissioners, in the name of the president and directors, or the president and directors may in their own name, by motion, on ten days notice, recover judgment, and have execution, for such money, with ten per cent, damages against him &c. and the money made on such execution, shall be paid to the order of the board of commissioners, or of such person as they shall have authorized to receive it. Now, this remedy I take it, is not so extensive as the action given on the official bond. It certainly does not lie for the failure of the treasurer to account: I question whether it lies for the failure to pay any balance to the treasurer’s successor. It seems, principally, if not wholly, given for those more frequent cases of orders given by the commissioners on the treasurer, of which, in their various contracts for schooling &c. there must be very many. It is for failure to pay money, when duly required (that is by presentation of the commissioner’s orders) ; and such money is to be recovered, with ten per cent, damages, on motion. This is my idea of the law; and it seems to me, that, in all such motions, the notice should designate the sum which the treasurer has failed to pay, and by what commissioner, and to whom, the order was given; otherwise you give the officer no information by which he may prepare for his defence. The motion, also, should be, not for the penaltj’ of the bond, but for the specific sum claimed, with the damages. In the case before us, then, the notice and motion are too defective to be sustained; and when we look into the record, it presents a case not proper (as it seems to me) for a motion at all, for there has been no accounting, nor do we see who are entitled to any money which may be due from the treasurer. Upon this ground, without touching the other questions raised, I am for reversing the judgments.
CABPDD, J., concurred.
*TUCKER, P.
These are motions of the president and directors of the literary fund, against the surety of the treasurer of the school commissioners of Hampshire county, for the penalties of three official bonds of the treasurer, though the judgments have been rendered for the balance actually found due in each case. The first question which presents itself, is, whether a motion lies for the penalty of the bond? Or ought it not to have been, specifically, for the thing or sum of money demanded? I think it ought, upon general principles, and upon the true construction of the statute.
Upon general principles, the . plaintiff must so set forth his case, that the defendant may have fair notice of the real character of the demand. If an action be brought on a bond with collateral condition, the plaintiff must, either in his declaration or by replication, set forth the specific breach of which he complains. On such a bond as this, it would be particularly necessary. The obligor binds himself for the due discharge of the duties imposed on him by law; and the law required him to pay all moneys, which may come to his hands in virtue of his office, to the order of the school commissioners, or such of them as shall have been authorized to draw upon him, and also to account annually, and at the expiration of his office, to pay over the monej' in hand to the succeeding treasurer. .Now, there may have been fifty orders drawn upon the treasurer by the school commissioners, for failure to pay any one of which he may have been liable; or the default may have been in not accounting ; or finally, in not paying over the unexpended balance. Hence, the necessity of a specification of the breach, both to enable the party to prepare for his defence, and to save the trouble, vexation and expense, of preparing upon every conceivable point, when in truth only one matter may be in litigation. This is just as necessary in a motion, as in an ordinary action ; and the notice in such a case as this, should set forth, with reasonable distinctness, the ground upon which the party is sought to be charged, in order that he may be better enabled to prepare for his defence.
^Pursuing this principle, what ought this notice to have announced to the party. The statute, it is true, besides authorizing the bond to be put in suit, further provides, that if any treasurer shall, at any time, when duly required, fail to pay money received by virtue of his office, a motion may be made against him to recover such money. But, I apprehend, if the proceeding against him is for failing to account, it could only be by action on the bond; for no motion is given against him for failing to account. If, then, the motion is for failing to pay money when duly required, it would seem, that the notice should intimate what money, and to whom he has failed to make payment, for as there may have been numerous orders drawn upon him, it is impossible for him to know for which he is to be charged: and, moreover, it should be shewn, upon the trial, that the party suing as relator had a right to receive, and had duly demanded payment. The first is obvious: the last is not less true. The law required the treasurer to pay to the order of the commissioners. In setting out the breach regularly, it would be necessary to aver, that there was an order, which had been presented, and payment refused; for unless the treasurer had notice of the order, he could not be in default for not paying it. Now, all this is wanting here. There is no relator. We do not know for whom the recovery is sought, unless it be for the literary fund; and it may be safely affirmed, that the' president and directors have no right to recover it, to put in their own coffers. Por, first, it never was the intention of the statute, that what was once paid out to the treasurer of the school commissioners of any county, should again be swallowed up in the general funds of the *40 institution. There is no provision for its going back, in any event; or, if it should get back, for its after payment to the same county, or for distributing it among other counties. On the contrary, the law expressly provides, that on one treasurer’s going out of office, the money in hand shall be paid over to his successor, and in his hands be liable to be drawn out by the school commissioners. Suppose an action of debt had been brought on the' bond, could it have *been assigned as a breach, that Dailey, in his lifetime, had failed to pay the balance in his hands to the president and directors of the literary fund? By what right could he have done so? Or could it be assigned as a breach, that the.administrator had not done so since his death? By what authority could he have done it? It is not in the bond. Interpreted as it ought to be, by the language of the law, the condition bound Dailey to pay to the order of the school commissioners, and to no one else; save that upon going out of office, he was bound to pay any balance to the succeeding treasurer. He was not bound, he was not authorized, to pay one cent to the president and directors of the literary fund; and had he done so, the payment would have been in his own wrong. So too, as to his administrator. The plaintiffs, therefore, had no title to recover any thing by their motion for their own benefit; and as there was no relator, there could be no judgment for the benefit of another. Had the motion been made at the relation of the succeeding treasurer, for the balance remaining in Dailey’s hands, these objections would have been obviated. As the case stands, they seem to me insurmountable.
These defects in the judgment and proceedings against the appellant on the part of the literary fund, are fatal. We need not consider the various other questions made in the cause. It is sufficient to say, that the judgments should be reversed, and that the plaintiffs in the circuit court (defendants in error here) take nothing by their motion, but that the same be dismissed with costs.
Judgments reversed.